### SMITH *v.* GOODWIN.

If the assignee of the mortgagor remove fixtures from the land, though erected by him after the execution of the mortgage, the assignee of the mortgagee may have an action of trespass against him for their value.

In an action of trespass *quare clausum fregit* the cause was thus: In the year 1811, *Philip Mills* purchased the *locus in quo* of one *Wheelwright*, to whom he at the same time mortgaged it, as security for the purchase-money, of which no part appeared ever to have been paid. Afterwards, in the same year, *Mills*, being in possession of the estate, erected thereon a dwelling-house with a cellar and chimney; and soon afterwards sold the estate to one *Wight*, who occupied it till *October* 1813, when he sold the house and chimney to the defendant, with authority to remove them from the premises, which was immediately done, and for doing which this action was brought.

*Goodwin* was not aware that his right to remove the building he had thus bought would or could be disputed.

Soon after the making of the mortgage, and while *Mills* was in the actual possession of the land, *Wheelwright* assigned the mortgage to the plaintiff;—and after the removal of the house by *Goodwin*, the plaintiff brought an action upon his mortgage against *Mills*, and had judgment at *November* term, 1818, for possession of the land.

Upon these facts the parties agreed that the Court should render judgment for the party entitled by law to recover.

*Frost*, for the plaintiff.

The plaintiff being assignee of the mortgage, has all the rights of the original mortgagee. *Hills v. Elliot*, 12 *Mass.* 26. 1 *Cruise's Dig.* 106—110. And he was seized of the whole premises and estate, if of any.

The mortgagor and his assigns have but a mere equity of redemption. They have no right to emblements, their estate being defeasible by title paramount; much less may they remove fixtures. *Elwes v. Maw*, 3 *East.* 38.

In *England*, Chancery will grant an injunction to stay waste by the mortgagor. 3 *Atk.* 223. And the remedy in this State may well be by action of trespass, there being nothing in the relation of the parties to each other, inconsistent with that form of action. *Starr v. Jackson*, 11 *Mass.* 519.

*Greenleaf*, on the other side, stated the following points and authorities, furnished by *E. Whitman* C. J. of the Court of Common Pleas, who had been of counsel for the defendant.

The right of the mortgagor to take away buildings erected by himself with his own materials, at any time before actual possession taken by the mortgagee, is settled in *Taylor v. Townsend*, 8 *Mass.* 411.

In *New York*, while remaining in the undisturbed possession of the estate mortgaged, he is considered as the owner in fee. 6 *Johns.* 290. 7 *Johns.* 376. And he may even sue the mortgagee in trespass, if he commit waste. 11 *Johns.* 534.

It is true it has been decided in *Massachusetts* that trespass may be maintained after possession taken for an injury done before ;—*Starr v. Jackson*, 11 *Mass.* 519—but in *New York* it has repeatedly been decided otherwise. 3 *Johns.* 468. 9 *Johns.* 61. 12 *Johns.* 183. 14 *Johns.* 213. 15 *Johns.* 205,—and these decisions agree with 3 *Bl. Com.* 210. *Com. Dig. Trespass B.* 3. 2 *East.* 88. 5 *East.* 485.

MELLEN C. J. delivered the opinion of the Court as follows.

This is an action of trespass by the assignee of a mortgagee, against a person claiming under the grantee of the mortgagor, for having taken away from the mortgaged premises a dwelling-

Smith *v.* Goodwin.

house, which had been erected thereon by the mortgagor, after the conveyance in mortgage; and which the defendant had purchased of such grantee.

In the argument two questions were made:—1, whether the plaintiff had such a possession as entitled him to maintain an action of trespass:—2, whether the act complained of was in itself a trespass.

As to the *first* question, it is well settled that as between mortgagor and mortgagee, the legal estate is in the latter, and the possession of the mortgagor is not adverse to the mortgagee, but in fact is *his* possession. See *Blaney v. Bearce, ante, p.* 132. and the cases there cited. On this principle the possession of the plaintiff, as assignee of the mortgage, was sufficient to entitle him to maintain the action against the defendant, provided the act done by him was inconsistent with the estate of the mortgagor, or his grantee.

This leads us to the *second* question;—and on this point we think there can be no doubt. The dwelling-house, which was sold to the defendant and by him removed, was a part of the freehold which belonged to the mortgagee or his assignee. It was a fixture, attached to the land, and in legal contemplation inseparable from it, though built by the mortgagor after the execution of the deed of mortgage. The case of *Taylor v. Townsend,* cited by the defendant's counsel, is in two respects different from this. That was an action by the mortgagor against the assignee of the mortgagee; and the trespass complained of was the taking down and removal of a barn and shed erected by him, and which, as the Court observed, were not *fixtures,* or so connected with the soil that they could not be removed without prejudice to it.

On legal principles we do not perceive any defence in the action, and a default must be entered, pursuant to the agreement of the parties.