JOHN VEHUE *vs.* SAMUEL F. MOSHER.

Franklin. Opinion December 2, 1884.

*Trespass. Fixtures. Manure.*

</div>

The plaintiff recovered judgment for a farm mortgaged to another, who assigned the mortgage to him. The mortgagor, during the sixty days before the conditional became a final judgment, sold manure, previously made upon the place in the usual course of husbandry, to the defendant, who during that period entered the premises and carried the manure away. *Held:* That the plaintiff can maintain an action of trespass *quare clausum fregit* against the defendant therefor.

ON EXCEPTIONS.

Trespass, *qu. cl.* The opinion states the facts.

*E. O. Greenleaf,* for the plaintiff.

*H. L. Whitcomb,* for the defendant.

PETERS, C. J.    The plaintiff recovered a conditional judgment for the possession of certain mortgaged premises.   During the sixty days allowed before the conditional judgment became final, the mortgagor sold to the defendant a quantity of manure made upon the premises in the usual course of husbandry, the defendant during that period entering and taking the manure away.

According to our decisions, the manure belonged to the farm ; was a part of the estate.   The outgoing mortgagor, or his vendee, had no right to remove it therefrom.   *Chase* v. *Wingate,* 68 Maine, 204 ; *Norton* v. *Craig, Id.* 275.

The defendant contends that trespass *quare clausum* cannot be maintained against him for the act.   The position is that the action does not lie against the mortgagor, and therefore not against one licensed by the mortgagor to enter the premises.   We think the action lies against the defendant, and would lie against the mortgagor had he done the same act.   There is no intimation that the assignee of the mortgagee was not entitled to an immediate possession, though he was for a time postponed in getting possession by legal process.

The action (*quare clausum fregit*) lies by mortgagee against mortgagor for strip and waste.   The mortgagor is not liable in the action for using the premises, the possession of which is not taken by the mortgagee, but may be sued in *quare clausum* for abusing them in certain ways.   A mortgagor in possession, before entry by the mortgagee, may lawfully cut and remove grass growing upon the land.   *Hewes* v. *Bickford,* 49 Maine, 71.   He may take the rents and profits.   He may cut firewood for use upon the premises.   *Hapgood* v. *Blood,* 11 Gray, 400.   He cannot cut and remove trees fit for timber in the market.   *Page* v. *Robinson,* 10 Cush. 99.   He cannot remove a building.   *Cole* v. *Stewart,* 11 Cush. 181.   Nor remove fixtures from a building. *Smith* v. *Goodwin,* 2 Maine 173.   He is liable in *quare clausum* for any act causing substantial and permanent injury.

Removing the manure in this case was of the same kind of injury and waste as removing trees or buildings or house-fixtures. Manure, situated as this was, is itself a fixture.

*Exceptions overruled.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.